PER CURIAM.
Appellant, The Gables I Townhomes, Inc. (“Gables I”), appeals a final judgment determining that Gables I had entered into and breached an enforceable contract with appel-lee, Sunmark Restoration, Inc. (“Sunmark”). We reverse.
Gables I, a condominium association, had difficulties recovering insurance proceeds from its insurance company after Hurricane Andrew. Gables I and Sunmark discussed the possibility of having Sunmark negotiate recovery of the hurricane losses "with the insurance company, and then perform the necessary repairs on the townhomes. Sun-mark’s compensation was dependant upon the dollar amount of insurance proceeds negotiated from Gable I’s insurance company. A document captioned “proposal/eontract” was signed by both parties. The agreement lacked a price term, leaving the final amount of the contract up to the negotiations between Sunmark and the insurance company, and contained the following provision:
All repairs to be specified per estimate and scope as furnished by the insurance co., or furnished by the company and approved by the insurance co. No changes may be made by either party without written approval by both parties.
After negotiations the insurance company issued a check for $392,023.17 which Sunmark delivered to Gables I.
Gables I contends that it believed the “proposal/contract” only gave Sunmark the authority to negotiate with the insurance company and no contract existed between the parties for the hurricane repairs. It was Gables I’s understanding that a regular contractor’s contract would be entered into at a later date with regard to the actual hurricane repairs. Gables I hired another contractor to do the repairs and Sunmark brought suit to recover damages for breach of contract. The trial court determined that the parties had entered into an enforceable contract and awarded Sunmark $67,809.17 in damages. We agree with Gables I’s contention that no contract existed between the parties.
The parties’ agreement fails for indefiniteness rendering it unenforceable. No meeting of the minds occurred between Gables I and Sunmark because the “proposal/eon-tract” left it to the future will of Sunmark and the insurance company, who was not a *7 party to the contract, to determine the price term in the contract. See Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 302 So.2d 404 (Fla.1974); Jacksonville Port Authority v. W.R. Johnson Enterprises, Inc., 624 So.2d 313 (Fla. 1st DCA 1993), rev. denied, 634 So.2d 629 (Fla.1994); Zell v. Cobb, 566 So.2d 806 (Fla. 3d DCA 1990), rev. denied, 577 So.2d 1331 (Fla.1991). In the absence of a definite price or a method of determining a price not left solely to Sun-mark’s discretion, the agreement must fail as a binding contract. See Martin v. Jack Yanks Const. Co., 650 So.2d 120 (Fla. 3d DCA), rev. denied, 659 So.2d 1087 (Fla.1995). Our disposition in favor of Gables I renders Sunmark’s cross appeal on the issue of prejudgment interest moot.
Reversed.